IN THE MATTER OF THE CLAIM OF GILBERT B. HEN-DRICKSON, APPELLANT, *v.* THE ESTATE OF DORA DICKSON, DECEASED, RESPONDENT.

*Reference of a claim against an estate — 2 R. S., 89, § 36 — a claim due to the estate from the claimant may be determined by the referee.*

Where a referee, to whom a disputed claim against an estate has been referred, under the statute, reports to the court that such claim is wholly unfounded, the court may, on the application of the executor, direct the referee to report upon any claim in favor of the estate and against the claimant.

APPEAL from an order made at Special Term, directing a referee to find and report as to what, if any, amount was due to the estate of Dora Dickson, deceased, from the claimant, Hendrickson.

*Delavan C. Scoville,* for the appellant.

*J. S. Millard,* for the respondent.

BARNARD, P. J. :

Gilbert B. Hendrickson presented a claim against the estate of Dora Dickson, stating his claim to be $646, on which there was

credited $125. The claim was disputed by the executor, and referred, by consent, under the statute. It appeared, upon the trial, that the entire claim presented was baseless. That it was made out for kindly services which were not designed to be paid for. The referee made a report dismissing the claim. The court, at Special Term, upon application of the executor, directed the referee to report upon the claim of the estate against Hendrickson, the claimant. The claimant appeals. There seems to be no direct authority upon the question presented. There are no pleadings which would determine the question. The statute, however, requires that a claimant may be compelled to make affidavit that his claim is justly due. "That no payments have been made thereon, and that there are no off-sets against the same."

The statute then provides, that if the executor doubts the justice of the claim so presented, he may enter into an agreement "to refer the matter in controversy." This seems to send, to the referee, not only the claim, but also payments and off-sets to it. If the claimant is right in his position that the claim only is referred, there could be no off-sets. The statute, however, expressly makes a claim to be such a sum as remains over and above payments and off-sets. The reference thus includes power to establish off-sets, at least, to the extinguishment of the claim. The statute further provides, that the referee shall have the same powers as if the action was an action at law, and that the judgment be as valid, in all respect, as if commenced by ordinary process. It thus appears that the matter referred includes off-sets; that the referee and court have full power to give judgment in the matter, as if actions were in the Supreme Court. The Legislature have always endeavored to prevent a multiplicity of actions, and it would have limited the referee's powers if, after giving him the power to pass upon off-sets against a claim, he could not report in favor of an estate when the off-set was larger than the claim.

Order affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs.